## THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM T. MONTEVERDE, Appellant.

*Public nuisance — what acts must be shown to justify a conviction under section 385 of the Penal Code.*

The defendant was tried upon an indictment charging that he on Sunday, May 9, 1886, and on divers other Sundays, was the owner, occupant, proprietor or lessee of a certain park and premises in Queens county, at which time and place he wilfully, wrongfully and unlawfully did permit and allow a large number of people to assemble to play and witness a game of base ball, and then and there allowed and permitted obscene, vulgar and profane language to be used, and did permit and allow great noise, confusion and uproar then and there upon the said premises.

Upon an appeal from a judgment convicting the defendant of maintaining a public nuisance:

*Held,* that the judgment should be reversed as the indictment failed to charge the defendant with the commission of any unlawful act, or the omission to perform any duty; which were essential elements of the crime of a public nuisance as defined in section 385 of the Penal Code. (Barnard, P. J., dissenting.)

Appeal from a judgment convicting the defendant of the crime of maintaining a public nuisance, rendered at the Court of Sessions of Queens county.

The indictment alleges that "the said William T. Monteverde, on Sunday, the ninth day of May, in the year of our Lord one thousand eight hundred and eighty-six, and on divers other Sundays between that day and the day of taking this inquest, at the said town of Newtown, in the county of Queens aforesaid, was the owner, occupant, proprietor or lessee of a certain park and premises there situate (a more particular description of which is unknown to the grand jury aforesaid), and at said time and place, wilfully, wrongfully and unlawfully, did permit and allow a large number of people to assemble to play and witness a game, commonly known as base ball, then and there being played (a more particular description of

which said persons, and of which said game of base ball, is unknown to the jurors aforesaid), and did permit and allow obscene, vulgar and profane language then and there to be used, and did permit and allow great noise, confusion and uproar then and there upon said premises, and wilfully, wrongfully and unlawfully, did, by each and all of said acts, annoy, injure and endanger the comfort and repose of a considerable number of persons and offend public decency, etc."

*Rollin Tracy*, for the appellant.

*John Fleming*, district attorney, for the respondent.

DYKMAN, J.:

The defendant was indicted for a public nuisance, and when he was arraigned he interposed a demurrer to the sufficiency of the indictment, which was overruled. He was then tried upon a plea of not guilty and convicted, and the case comes here upon the indictment, the charge of the trial judge and the exceptions thereto without the testimony brought forward on the trial. The serious question in the case is presented by the indictment, which fails to charge the defendant with the commission of any unlawful act, or the omission to perform any duty, and in this State no person can commit a public nuisance without being guilty of an unlawful act or omission. (Penal Code, § 385.)

The indictment charges that the defendant, on the 9th day of May, 1886, and on divers other Sundays, was the owner, occupant, proprietor or lessee of a certain park and premises in Queens county, at which time and place he wilfully, wrongfully and unlawfully did permit and allow a large number of people to assemble to play and witness a game of base ball, and then and there allowed and permitted bad language and great noise, confusion and uproar. There is no charge that he was present at the game or was aware of the assemblage of the spectators, or that he induced the people to play or witness the game, or derived any benefit therefrom. Every allegation in the indictment may be true, and yet the defendant be perfectly innocent of any crime. If the people invaded the premises of the defendant and played the game, and he found it beyond his power to prevent them and walked away, he permitted

and allowed the transaction by not preventing the same, and yet such conduct on his part would not constitute the crime of nuisance. He owed no duty which he omitted to perform, and he did no unlawful act. There must be something more than mere negative tacit permission or allowance to constitute the crime of nuisance. There must be some unlawful action or participation of the accused, and that element is entirely wanting in this indictment.

The demurrer to the indictment should have been sustained, and the conviction of the defendant thereon is erroneous, and should be reversed.

PRATT, J., concurred; BARNARD, P. J., dissented.

Conviction reversed.